## EL PUEBLO v. GUZMÁN.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 478.—Resuelto en octubre 25, 1912.

PERJURIO—DESACATO—PROCEDIMIENTO SUMARIO—COMIENZO DEL PROCEDIMIENTO DURANTE LA PENDENCIA DEL CASO PRINCIPAL—SENTENCIA VÁLIDA.—Es valida una sentencia condenatoria por desacato dictada en un procedimiento sumario iniciado en virtud de la ley No. 41 de marzo 9, 1911, aun cuando. dicha sentencia se haya dictado después de haber sido fallado el caso principal en el cual declaró falsamente el testigo acusado de desacato, siempre y cuando que el procedimiento se haya iniciado antes de dictada la sentencia en el caso principal, pues el juez conserva su jurisdicción para fallar el procedimiento sumario por desacato, aun después de dictada sentencia en el caso en el cual se cometió el perjurio.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *José E. Benedicto.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.* .

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Manuel Antonio Guzmán Alvarez se encontraba preso en la cárcel del distrito municipal de Añasco bajo la custodia del alcaide de la cárcel de dicho pueblo, cumpliendo condena que en procedimiento de desacato por perjurio en causa criminal le impuso el juez municipal de Añasco, por sentencia de 30 de agosto del corriente año.

En la misma fecha solicitó Guzmán Alvarez del juez de la Corte de Distrito de Mayagüez, la expedición de auto de *habeas corpus* para obtener su inmediata libertad, alegando al efecto que su prisión era ilegal, toda vez que la causa criminal contra José N. Guzmán, por infracción del artículo 370 del Código Penal, en que se supone cometido el desacato, terminó por sentencia que dictó la Corte Municipal de Añasco en 28 de agosto citado, y la sentencia condenatoria por desacato recayó dos días después, o sea en 30 del propio mes, cuando ya dicha corte carecía de jurisdicción para castigar el desacato por perjurio.

Tramitada la petición de *habeas corpus,* fué dictada resolución en 31 de agosto declarándola sin lugar y ordenando que el peticionario quedara bajo la custodia del alcaide de la cárcel municipal de Añasco, hasta que cumpliera la pena impuesta por la corte municipal, contra cuya resolución interpuso el prisionero recurso de apelación para ante esta Corte Suprema, quedando en libertad provisional mediante fianza que prestó, hasta que fuera decidido el recurso.

La única cuestión a discutir y resolver en el presente recurso es, si la Corte Municipal de Añasco, después de haber fallado la causa criminal en que Guzmán Alvarez cometió el desacato por perjurio, tuvo jurisdicción para castigar el desacato.

De la prueba practicada ante la Corte de Distrito de Mayagüez resulta que cuando se celebraba contra José N.

Guzmán en 28 de agosto último el juicio por infracción del artículo 370 del Código Penal, quedó convencido dicho juez de que los hechos declarados por Manuel Antonio Guzmán Alvarez eran falsos y esenciales en dicha causa, por lo que ordenó que prestara una fianza de $500 para permanecer en libertad y que compareciera el día 30 del mismo mes a las 9 de la mañana a explicar las razones que tuviera, por las cuales no debiera ser castigado por desacato a la corte.

La sentencia en el caso contra José N. Guzmán, según muestra el récord, fué dictada en 28 de agosto y la condena por desacato es de 30 del propio mes.

Como se ve, el procedimiento por desacato fué iniciado antes de dictarse sentencia en el caso principal, o sea cuando éste se encontraba aún pendiente ante la corte, y el hecho de que la sentencia por desacato fuera dictada cuando el caso principal estaba ya terminado, no la vicia de nulidad.

La ley número 41 para proveer un castigo sumario por el delito de perjurio, cometido en corte abierta, y para otros fines, aprobada en 9 de marzo de 1911, dice en su sección 1ª.:

"Si el juez que preside en dicho caso quedare convencido en cualquier caso pendiente ante su corte, de que un testigo, después de haber prestado juramento o afirmación, según se dispone por la ley, de decir la verdad en cualquier asunto pendiente ante la corte, es culpable de perjurio según se define en la presente, será entonces el deber de dicho juez, ante quien se celebrare el juicio, ordenar, y por la presente se le faculta para que ordene, a moción propia, el arresto y detención del ofensor; y dictará una orden que se notificará a dicho ofensor para que comparezca y explique las razones que tuviere por las cuales no deba ser castigado por desacato ante la corte. El acusado, dentro del plazo que la corte fijare, presentará su defensa contra dicha citación, la corte oirá las declaraciones de la acusación y de la defensa, y después de practicadas las pruebas, pronunciará sentencia en el caso."

Atendidos los preceptos legales que dejamos transcritos, no vemos sea necesario que la sentencia en procedimiento por desacato se dicte antes de que termine el asunto principal, pues basta que el caso esté pendiente ante la corte y que antes

de terminarse éste, el juez quedare convencido del desacato y dé comienzo a los procedimientos para castigarlo, expidiendo orden para el arresto y detención del ofensor. El procedimiento por desacato puede continuarse después de dictada sentencia, y el juez conserva su jurisdicción para dictarla, esté o nó terminado el asunto principal.

Y no está en oposición con la doctrina expuesta, la establecida por este tribunal en el caso de *El Pueblo de Puerto Rico* v. *Ramón Valcourt,* decidido en junio 10 del corriente año, pues en dicho caso los procedimientos para castigar el desacato comenzaron después de haber la corte dictado sentencia en el pleito de divorcio en que se originó el procedimiento por desacato, mientras que en el presente caso, según ya hemos dicho, el procedimiento por desacato se inició antes de que terminara la causa en que se originó.

Por las razones expuestas, procede la confirmación de la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.